UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY WORLEY | CIVIL ACTION |
| VERSUS | NO. 11-2430 |
| NOBLE DRILLING (U.S.) L.L.C. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is Defendant's motion for partial summary judgment regarding Plaintiff's claim for future lost wages and loss of earning capacity (Rec. Doc. 21). Having carefully considered the parties' supporting and opposing submissions, and applicable law, **IT IS ORDERED** that the motion is **GRANTED**.

## BACKGROUND

Plaintiff" claims arise out of injuries allegedly sustained when he slipped and fell on a drilling rig, the PAUL ROMANO, in 2009. At the time of the incident, Plaintiff was working as a Rig Maintenance Supervisor for Defendant. In addition to other claims, Plaintiff asserts a claim for future lost wages and loss of earning capacity.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts

are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing

*Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. <u>**Application of Legal Principles**</u>

Applying the foregoing legal principles here, and for essentially the reasons stated in Defendant's supporting memoranda (Rec. Docs. 21 and 25), the Court finds that Defendant has met its burden, under Rule 56(a) and (c) of demonstrating that the record evidence submitted in this matter contains insufficient proof concerning Plaintiff's claims for future lost wages and loss of earning capacity, and that Defendant is entitled to judgment as matter of law. On the other hand,

3

Plaintiff has not satisfied his own burden, under Rule 56(c), of citing to particular record documents demonstrating the existence of a genuine dispute as to material facts. Indeed, although Plaintiff argues fact issues preclude partial summary judgment, Plaintiff offers no evidentiary support for this contention except his own conclusory deposition statements that he "can't hold down a job" and "I'm physically telling you I can't work," and the general assertion that, according to his physician, Dr. Barham, he "should not perform work that causes him pain or that he feels he can not physically accomplish." *See* Rec. Doc. 22-3 at p.3 of 3; Rec. Doc. 22 at 4. Further, regarding Plaintiff's position as a Rig Maintenance Supervisor, at the time of his injury, Dr. Barham testified, during his deposition, that Plaintiff had "previously indicated . . . that he did not have to do a lot of heavy, heavy work involved on an offshore rig. But I'm not exactly privy to the details of his day to day activities on that job." *See* Rec. Doc. 22-2, at p.6 of 11. Finally, Plaintiff's vocational rehabilitation counselor, Cornelius Gorman, II, Ph.D., indicated that it was not possible for him to verify whether Plaintiff is employable or potentially employable without having a physician's medical release. Rec. Doc. 21-4.

At this juncture of the proceeding, less than four weeks prior to the January 14, 2013 trial date, the Court will not speculate or assume that requisite evidence exists to support Plaintiff's damage claim for future lost wages and loss of earning capacity. Accordingly, on the showing made, the motion presently before the Court is granted.

New Orleans, Louisiana, this 19th day of December 2012.

**KURT D. ENGELHARDT**
**United States District Judge**

4